UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARK TOIGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-04243-NKL |
| | ) |
| DEPARTMENT OF HEALTH AND SENIOR SERVICES, et al. | ) ) ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants, the Missouri Department of Health and Senior Services ("DHSS") and Dr. Randall Williams, by and through their attorneys, for their answer to Plaintiff's Complaint for Declaratory and Injunctive Relief state as follows:

Defendants deny each and every allegation in Plaintiff's Complaint for Declaratory and Injunctive Relief, unless expressly admitted, and then only to the extent of the referenced response. Any factual averment admitted is limited to the fact itself and does not extend to any conclusions, characterizations, implications, or speculation contained therein or in Plaintiff's Complaint for Declaratory and Injunctive Relief as a whole. Defendants also specifically deny any pseudo-allegations contained in

1

headings, prayers for relief, or unnumbered paragraphs.

## "Summary of Claim"

1. Defendants began work to implement the Missouri Medical Marijuana Program in 2018 after Missouri voters adopted Amendment 2, codified at art. XIV, sec. 1 of the Missouri Constitution. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore deny the same.

2. Paragraph 2 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Neither art. XIV, sec. 1 nor Mo. Code Regs tit. 19, division 30, chapter 95 authorize the issuance of licenses to use medical marijuana to any person. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore deny the same. Further answering, Defendants affirmatively state that DHSS issues qualified patient identification cards as provided in Mo. Code Regs tit. 19, §30-95.030. Article XIV, sec. 1 of the Missouri Constitution and Mo. Code Regs tit. 19, division 30, chapter 95 speak for themselves and Defendants deny all allegations not in conformity with art. XIV, sec. 1 or with the regulations. To the extent a further response is required,

Defendants deny the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Paragraph 4 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Sales of medical marijuana authorized under the Missouri Medical Marijuana Program began in November 2020. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Paragraph 5 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

### "Parties, Jurisdiction, and Venue"

6. Paragraph 6 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit the allegations contained in the first sentence of Paragraph 6 of Plaintiff's Complaint on information and belief.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore deny the same. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that Plaintiff owns a minority interest in Organic Remedies MO, Inc. ("ORMO"), a Missouri corporation registered with the Missouri Secretary of State. Defendants admit the allegations contained in the second sentence of Paragraph 7 of Plaintiff's Complaint. Article XIV, sec. 1 of the Missouri Constitution and Mo. Code Regs tit. 19, division 30, chapter 95 speak for themselves and Defendants deny all allegations not in conformity with art. XIV, sec. 1 or with the regulations. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Paragraph 8 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. There is no "Missouri Medical Marijuana Act." The Missouri Department of Health and Senior Services is an executive department of the State of Missouri. Mo. Code Regs tit. 19, §30-95.030, "Qualifying

4

Patient/Primary Caregiver," speaks for itself and Defendants deny all allegations not in conformity with the regulation. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Paragraph 9 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that Dr. Randall Williams is the Director of the Missouri Department of Health and Senior Services. The third and fourth sentences of Paragraph 9 consist of Plaintiff's characterization of his Complaint. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The allegations contained in Paragraph 10 of Plaintiff's Complaint consist of legal conclusions requiring no response from Defendants.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint consist of legal conclusions requiring no response from Defendants.

**"Missouri's Residency Requirement is Unconstitutional"**

12. Paragraph 12 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or

5

deny. Defendants admit that Missouri voters approved Amendment 2, codified at art. XIV, sec. 1 of the Missouri Constitution. Medical marijuana dispensaries located throughout Missouri have been approved to operate. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Paragraph 14 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that the final orders of rulemaking for the Medical Marijuana Regulations, Mo. Code of Regs., tit. 19, Division 30, Chapter 95, were published in the *Missouri Register* in 2019. The regulations and art. XIV, sec. 1 of the Missouri Constitution speak for themselves. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Paragraph 15 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that Paragraph 15 contains accurate quotes from art. XIV, secs 1.2(3) (the definition of "entity) and 1.7(3) of the Missouri Constitution. To the extent a further response is required, Defendants

6

deny the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendants admit the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Paragraph 17 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that the final orders of rulemaking for the Medical Marijuana Regulations, Mo. Code of Regs., tit. 19, Division 30, Chapter 95, were published in the *Missouri Register* in 2019. Art. XIV, sec. 1 of the Missouri Constitution and Mo. Code Regs, tit. 19, Division 30, Chapter 95 speak for themselves and Defendants deny all allegations not in conformance with the Missouri Constitution or the regulations. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Paragraph 19 of Plaintiff's Complaint contains a legal characterization that Defendants deny. Defendants admit that Paragraph 19 of Plaintiff's Complaint correctly quotes Mo. Code Regs, tit. 19, §30-95.040(3)(B).

20. Paragraph 20 of Plaintiff's Complaint contains legal

7

conclusions and arguments that Defendants are not required to admit or deny. Mo. Code Regs, tit. 19, §95.025(4)(A)(2) speaks for itself and Defendants deny all allegations not in conformance with the regulation.

21. Paragraph 21 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that Paragraph 21 accurately quotes a portion of Mo. Code Regs, tit. 19, §95.040(2)(C). To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint because 19 CSR 30-95.040(D) does not exist, and because Paragraph 22 is an incomplete sentence that does not contain factual allegations requiring a response. To the extent that Plaintiff may have intended to refer to 19 CSR 30-95.040(2)(D) in Paragraph 22 of Plaintiff's Complaint, the regulation speaks for itself and Defendants deny all allegations not in conformance with the regulation. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Paragraph 23 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. Article XIV, section 1 of the Missouri Constitution speaks for itself

and Defendants deny all allegations not in conformance with the Missouri Constitution. Mo. Code Regs, tit. 19, §30-95.040(4)(C) speaks for itself and Defendants deny all allegations not in conformance with the regulation. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Paragraph 24 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Paragraph 25 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Paragraph 26 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants are without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore deny the same. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Paragraph 27 of Plaintiff's Complaint contains legal

conclusions and arguments that Defendants are not required to admit or deny. Defendants deny the factual allegations contained in Paragraph 27. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in the first sentence of Paragraph 28 of Plaintiff's Complaint and therefore deny the same. Defendants admit the allegations contained in the second and third sentences of Paragraph 28 of Plaintiff's Complaint.

29. Paragraph 29 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants are without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in the second sentence of Paragraph 29 of Plaintiff's Complaint or the allegation that the Missouri-owned 51% of ORMO is "valuable" and therefore deny the same. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Paragraph 30 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit, upon information and belief, that Plaintiff is not a Missouri resident. To the extent a further response is required,

10

Defendants deny the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Paragraph 31 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants are without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in Paragraph 31 of Plaintiff's Complaint and therefore deny the same. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

### "Count I-U.S. Const. Art. I, §8, Cl. 3, 42 U.S.C. §1983"

32. As to Paragraph 32 of Plaintiff's Complaint, Defendants admit and deny Paragraphs 1 through 30 of Plaintiff's Complaint in accordance with Defendants' answers as if set forth herein.

33. Paragraph 33 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. The opinions of the United States Supreme Court referenced in Paragraph 33 of the Complaint speak for themselves.

34. Paragraph 34 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. The opinions of the United States Supreme Court referenced in Paragraph 34 of the Complaint speak for themselves.

11

35. Paragraph 35 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Paragraph 36 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Paragraph 37 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations that a residency requirement in Missouri law significantly limits the universe of potential investors in ORMO or Plaintiff's ability to raise capital for ORMO from other non-Missouri residents. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Paragraph 38 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Paragraph 39 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Paragraph 40 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint.

## "Count II-Declaratory Judgment Act (U.S. Const. Art. I, §8, Cl. 3, 28 U.S.C. §2201"

41. As to Paragraph 41 of Plaintiff's Complaint, Defendants admit and deny Paragraphs 1 through 40 of Plaintiff's Complaint in accordance with Defendants' answers as if set forth herein.

42. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint, and therefore deny the same, or the allegations in Paragraph 42 are Plaintiff's characterization of his Complaint, requiring no response from Defendants.

43. Paragraph 43 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Paragraph 45 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that Plaintiff may not own more than 50% of any licensed medical marijuana facility in Missouri. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations contained in Paragraph 45 of Plaintiff's Complaint and therefore deny the same. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Paragraph 46 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Paragraph 47 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny each and every allegation of Plaintiff's Complaint not herein admitted.

14

## Affirmative and Other Defenses

49. Plaintiff as an individual has not established the existence of irreparable harm in the absence of injunctive relief.

50. Any harm to Plaintiff is speculative. DHSS has limited the number of cultivation facility licenses to 60 and received 582 applications for cultivation facility licenses. DHSS has limited the number of infused products manufacturing facility licenses to 86 and received 430 applications for infused products manufacturing facility licenses. DHSS has limited the total number of dispensary licenses to 192, with no more than 24 dispensary facility licenses in each of Missouri's 8 Congressional districts, and received 1,219 applications for dispensary facility licenses. More than 700 appeals of facility license denials are currently pending.

51. As a 22% or minority shareholder in ORMO, Plaintiff lacks standing to sue for any indirect harm that he might sustain resulting from an injury to ORMO.

52. Plaintiff lacks standing to assert any constitutional claim on behalf of third parties, such as ORMO, or other non-Missouri residents.

53. Art. XIV, sec. 1.7(3) of the Missouri Constitution advances a legitimate local interest in enforcement, including tracking diversion of medical marijuana that would violate state or federal law. Art. XIV, sec. 1.7(3) is narrowly tailored to advance that interest, or that interest cannot

15

Case 2:20-cv-04243-NKL   Document 9   Filed 01/20/21   Page 15 of 17

be adequately served by reasonable nondiscriminatory alternatives.

54. Defendants incorporate by reference any additional defenses that may be uncovered or made known during investigation or discovery in this case. Defendants specifically reserve the right to amend this answer to include any such defenses, including any affirmative defenses.

55. For the reasons stated hereinabove, Defendants request that the Court order judgment in their favor, award them their costs and expenses, and for such other and further relief as the Court deems just and proper in the premises.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

 /s/ *Emily A. Dodge*
EMILY A. DODGE, No. 53914
Assistant Attorney General
P.O. Box 899
Jefferson City, MO  65102-0899
Telephone No.: (573) 751-7344
Facsimile No: (573) 751-9456
E-mail: emily.dodge@ago.mo.gov

ATTORNEY FOR DEFENDANTS

16

Case 2:20-cv-04243-NKL   Document 9   Filed 01/20/21   Page 16 of 17

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of January, 2021, the foregoing was filed and served via the Court's electronic filing system upon all counsel of record.

                                  /s/ *Emily A. Dodge*
                                  EMILY A. DODGE
                                  Assistant Attorney General