```
                    UNITED STATES DISTRICT COURT

                    WESTERN DISTRICT OF MISSOURI


MARK TOIGO,                      )
                                 )
            Plaintiff,           )
                                 ) Case No.
      vs.                        ) 20-CV-04243-NKL
                                 )
DEPARTMENT OF HEALTH and         ) BY VIDEOCONFERENCE
SENIOR SERVICES, et al.,         )
                                 )
            Defendants.          )



                 TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE NANETTE K. LAUGHREY
             SENIOR UNITED STATES DISTRICT JUDGE
                      OCTOBER 7, 2021
                   JEFFERSON CITY, MISSOURI

                         APPEARANCES

FOR THE PLAINTIFF:
     MR. BENJAMIN A. STELTER-EMBRY
     Protzman Law Firm LLC
     4001 West 114th Street, Suite 110
     Leawood, Kansas 66211

FOR THE DEFENDANTS:
     MS. EMILY A. DODGE
     Missouri Attorney General's Office
     P.O. Box 899
     Jefferson City, Missouri 65102



     Proceedings recorded by mechanical stenography, transcript
produced by computer


               KATHERINE A. CALVERT, RMR, CRR
               FEDERAL OFFICIAL COURT REPORTER
              CHARLES EVANS WHITTAKER COURTHOUSE
                     400 EAST 9th STREET
                  KANSAS CITY, MISSOURI 64106
```

```
 1                         OCTOBER 7, 2021
 2             (The following proceedings were had at 10 a.m.
 3   pursuant to a videoconference:)
 4             THE COURT:  Good morning, everyone.
 5             This is the case of Toigo versus the Department of
 6   Health and Senior Services, Case No. 20-4243.
 7             Is the plaintiff ready to proceed?
 8             MR. STELTER-EMBRY:  Yes, Your Honor.
 9             THE COURT:  And is the defendant ready to proceed?
10             MS. DODGE:  Yes, Your Honor.
11             THE COURT:  Thank you very much.
12             The first thing I want to ask is why are we having a
13   trial?  Trials are to resolve facts and apply them to the law.
14   This is a case in which there is a stipulation of facts.
15   What's the purpose of this trial?  Why couldn't this be done on
16   motions?
17             MR. STELTER-EMBRY:  Your Honor, speaking on behalf
18   of plaintiff, in speaking with defense counsel, we had talked
19   about moving forward with having a hearing on a permanent
20   injunction.  If the Court feels it's unnecessary, obviously we
21   don't need to proceed with today's hearing.  That was just a
22   discussion and agreement that I had with opposing counsel.
23             THE COURT:  If you want to have a hearing, I'm happy
24   to have a hearing.  I just need to know what the purpose of it
25   is so I know how to handle the material you provide to me.
```

|     |                                                                                     |
| --- | ----------------------------------------------------------------------------------- |
| 1   | MR. STELTER-EMBRY:  Sure.                                                           |
| 2   | MS. DODGE:  Your Honor, if I might say something.  I                                |
| 3   | looked at Rule 65, and the research that I did I was not able                       |
| 4   | to find authority to suggest that since we did not have an                          |
| 5   | evidentiary preliminary injunction hearing that we could simply                     |
| 6   | combine the preliminary with the permanent.  Perhaps there is                       |
| 7   | that I did not locate, and so I apologize for any                                   |
| 8   | inconvenience, but this was -- essentially defendants would                         |
| 9   | simply like for the Court to enter judgment based on the                            |
| 10  | stipulated facts, and I have no argument to add to my previous                      |
| 11  | briefing; but I could not think of a different procedural                           |
| 12  | mechanism that would be available or efficient to get this to                       |
| 13  | judgment.                                                                           |
| 14  | THE COURT:  Okay.  All right.  Well, I'll let the                                   |
| 15  | plaintiff proceed.  We'll begin.                                                    |
| 16  | MR. STELTER-EMBRY:  Okay, Your Honor.                                               |
| 17  | As you know, we have submitted joint stipulated                                     |
| 18  | facts in this matter which contain all the same substantive                         |
| 19  | material facts that the Court considered in the parties'                            |
| 20  | briefing on plaintiff's motion for preliminary injunction.                          |
| 21  | There have been no changes to the State's regulatory scheme                         |
| 22  | prohibiting out-of-state residents from becoming majority                           |
| 23  | shareholders in any medical marijuana business in the state of                      |
| 24  | Missouri or for any transfers of ownerships to occur that would                     |
| 25  | allow for an out-of-state resident to obtain majority                               |

1    ownership.
2             Mr. Toigo, who is present here today, also remains
3    committed to wanting to more fully participate in Missouri's
4    medical marijuana program and cannot do so as a result of the
5    State's durational-residency requirement.
6             Given the fact that those -- that the facts are the
7    same as they were when the Court considered the parties'
8    preliminary injunction motions, I won't rehash the arguments in
9    those motions, and I won't go through the material that I had
10   prepared for today's hearing.  I don't want to waste the
11   Court's time.  I do mean that.
12            I would say the only substantive change that has
13   occurred since the Court entered its motion granting the
14   plaintiff's request for injunctive relief is that since then,
15   prior to the Court's entry of that initial order, just days
16   before the Court issued its preliminary injunction, the Eastern
17   District of Michigan in Lowe v. City of Detroit -- it's 2021 WL
18   2471476 -- granted plaintiff's motion for preliminary
19   injunction and held that the City of Detroit's ordinance giving
20   preferential treatment to longtime residents in awarding
21   licenses was in the form of economic protectionism that's
22   prohibited under the Dormant Commerce Clause of the United
23   States Constitution.
24            Then in August of this year the District of Maine
25   actually entered judgment on another case.  I think the Court

4

1 is familiar with NPG, LLC versus The City of Portland, which
2 was in the party's briefing.  The Court entered a judgment in
3 another case, Northeast Patients Group, et al. versus Maine
4 Department of Administrative and Financial Services, et al.
5 finding that it's -- that the State's residency requirement
6 also violated the Dormant Commerce Clause because, like
7 Missouri's law, it explicitly discriminated against nonresident
8 economic actors.
9         In that Court's judgment it actually cited this
10 Court's order granting injunctive relief for Mr. Toigo, and
11 that decision also relied on its previous decision in NPG, LLC
12 versus City of Portland.
13         So, Your Honor, we would just ask the Court to find
14 under the permanent injunction standard that the plaintiff will
15 succeed on the merits; that Mr. Toigo has been irreparably
16 harmed; that the balance of harm favors Mr. Toigo; that the
17 State has failed to establish any legitimate purpose for its
18 durational-residency requirement, and we would request the
19 Court enter a permanent injunction enjoining the State from
20 enforcing its residency requirements as applied to Mr. Toigo
21 and anybody else.
22         THE COURT:  I'd like to hear from the defendant.
23 And does the defendant concede that a permanent injunction is
24 appropriate here or is this something that the defendant
25 continues to object?

1          MS. DODGE:  I cannot stipulate to a permanent
2    injunction, Your Honor, but I have nothing to add to my
3    previous briefing or to what I stated at the beginning of this
4    morning's hearing.  I would simply ask the Court to enter
5    judgment based on the stipulated facts.
6          THE COURT:  All right.  Well, I guess given that
7    there has been no material change in the record and since I
8    granted the preliminary injunction, I will also grant the
9    permanent injunction.  There will be a written order to follow
10   giving the reasons, but effectively they are the same reasons
11   that the Court had when it entered the preliminary injunction
12   having heard no difference in the facts at this point.
13         Anything further for the plaintiff?
14         MR. STELTER-EMBRY:  No, Your Honor.
15         THE COURT:  And, Ms. Dodge, anything further for the
16   defendant?
17         MS. DODGE:  No, Your Honor.
18         THE COURT:  All right.  Thank you all very much.
19   Court is recessed.
20         (The Court adjourned at 10:06 a.m.)
21
22
23
24
25

CERTIFICATE OF OFFICIAL REPORTER

I, Katherine A. Calvert, Federal Official Court Reporter, in and for the United States District Court for the Western District of Missouri, do hereby certify that the proceedings in the above transcript heard by the Court via videoconference are correct to the best of my ability due to limitations of the technology used.

Dated this 27th day of October, 2021.

_____
KATHERINE A. CALVERT, RMR, CRR
FEDERAL OFFICIAL COURT REPORTER