IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MARK TOIGO,

    Plaintiff,

v.

DEPARTMENT OF HEALTH AND
SENIOR SERVICES, et. al.,

    Defendants.

Case No. 2:20-cv-04243-NKL

## ORDER

In 2018, Missouri voters approved Amendment 2 to the Missouri Constitution, legalizing medical marijuana in the state and directing the Missouri Department of Health and Human Services (DHSS) to create a regulatory regime for medical marijuana facilities. In 2019, DHSS promulgated regulations that required businesses to obtain licenses before they could operate medical marijuana facilities. As a condition of applying for and maintaining such a license, businesses must prove they are majority-owned by persons who have been Missouri residents for at least one year.

Mark Toigo, a Pennsylvania resident, is a minority owner in Organic Remedies MO, Inc. (ORMO), a licensed marijuana dispensary. He wishes to invest additional capital and become a majority owner in ORMO but cannot because of the durational residency requirement. He also wishes to either apply for a license to operate a medical marijuana facility or purchase an already-issued license for himself, but cannot because of the same requirement. He argued that the durational residency requirement violates the Constitution's dormant commerce clause as it discriminates against out-of-state commerce without being narrowly tailored to advance a legitimate local purpose.

1

The Court previously granted Toigo's motion for a preliminary injunction, enjoining DHSS and its acting director Robert Knodell from enforcing the durational residency requirement pursuant to 42 U.S.C. § 1983. Doc. 25.

The parties requested a trial on the basis of stipulated facts. On the scheduled date, Defendants asked the Court to enter judgment based on the stipulated facts and their prior briefing. The parties represented that the facts had not changed since the preliminary injunction was entered. Toigo represented that he remains committed to the medical marijuana program in Missouri.

In light of the fact that neither the facts nor the law has changed since the Court entered the preliminary injunction, for the reasons stated in the Court's order on Toigo's motion for a preliminary injunction, Defendants are permanently enjoined from enforcing the durational residency requirement in Article XIV, § 1.7(3) of the Missouri Constitution and as promulgated in 19 C.S.R. 30-95.025 and 19 C.S.R. 30-95.040. The Clerk of the Court shall return the $10,000 bond that Toigo filed with the Court to secure the preliminary injunction pursuant to Rule 65.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 5, 2021
Jefferson City, Missouri