UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARK TOIGO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF HEALTH AND<br>SENIOR SERVICES, et al.,<br><br>　　　　Defendants. | Case No. 20-4243-CV-C-NKL |

**ORDER**

This case involved a challenge under the dormant Commerce Clause to Missouri's durational residency requirement. After a motion for preliminary injunction that the Court granted and a bench trial on stipulated facts in which the parties in effect rested on the arguments they made upon the motion for preliminary injunction, Plaintiff Mark Toigo prevailed. He now seeks $48,577.50 in attorney's fees pursuant to 42 U.S.C. § 1988. For the reasons discussed below, Toigo's motion for fees, Doc. 42, is granted in part.

**I.　　BACKGROUND**

In 2018, Missouri voters approved Amendment 2 to the Missouri Constitution, legalizing medical marijuana in the state and directing the Missouri Department of Health and Human Services ("DHSS") to create a regulatory regime for medical marijuana facilities. In 2019, DHSS promulgated regulations that required businesses to obtain licenses before they could operate medical marijuana facilities. As a condition of applying for and maintaining such a license, businesses were required to prove they were majority-owned by persons who had been Missouri residents for at least one year.

Toigo, a Pennsylvania resident, was a minority owner in a Missouri-licensed marijuana dispensary. He wanted to become a majority owner in the dispensary and also to either apply for a license to operate a medical marijuana facility or purchase a license that had already been issued, but could not because of the durational residency requirement.

Toigo filed this action on December 11, 2020, asserting that the durational residency requirement violated the Constitution's dormant commerce clause in that it discriminates against out-of-state commerce without being narrowly tailored to advance a legitimate local purpose. He sought declaratory and injunctive relief.

On March 5, 2021, Toigo moved for a preliminary injunction. That motion was fully briefed on April 19, 2021.

On June 21, 2021, the Court granted Toigo's motion for a preliminary injunction, finding that the State had not demonstrated that the durational residency requirement was narrowly tailored to advance a legitimate interest. Doc. 25.

The parties subsequently jointly requested a bench trial on stipulated facts. The trial was held on October 7, 2021. The stipulated facts were materially the same as those presented upon the motion for preliminary injunction, as were the parties' arguments. The Court stated at the conclusion of the brief trial that it would enter a permanent injunction for effectively the same reasons stated in the order granting the preliminary injunction motion. A formal order granting the permanent injunction was entered on November 15, 2021 (Doc. 39), approximately eleven months after the case was initiated.

## II.  DISCUSSION

### A.  Prevailing Party's Entitlement to Fees

The Court may allow "the prevailing party" in certain civil rights actions to recover "a

2

Case 2:20-cv-04243-NKL   Document 47   Filed 01/24/22   Page 2 of 6

reasonable attorney's fee . . . ." 42 U.S.C. § 1988.  A litigant is a "prevailing party" for attorneys' fee purposes "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit . . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Defendants do not contest that Toigo is the prevailing party.  The Court therefore finds that Toigo is entitled to reasonable attorneys' fees from Defendants pursuant to 42 U.S.C. § 1988.

B.     **Reasonable Fees**

The basis for any "reasonable" fee award under § 1988 is the lodestar calculation, the product of a reasonable hourly rate and the number of hours reasonably expended on the litigation. *See Hensley*, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) ("The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.").  Thus, to determine whether the fees that Plaintiff seeks are reasonable, the Court must determine (1) the number of hours reasonably expended on the litigation, and (2) a reasonable rate for the attorney's time.

1.     **Whether the Number of Hours for Which Toigo's Attorney Seeks Compensation Is Reasonable**

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433.  The Court "should exclude from th[e] initial fee calculation hours that were not 'reasonably expended.'  Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Id.* at 434 (citation omitted).

Here, Plaintiff's counsel submitted detailed time records substantiating the time claimed, alongside the attorney's declaration stating that, although he "devoted more than 150 hours to the case," he was not seeking compensation for approximately 40 of those hours.  That represents a

3

Case 2:20-cv-04243-NKL   Document 47   Filed 01/24/22   Page 3 of 6

nearly 30% reduction in the fees, suggesting that the attorney exercised billing judgment. More significantly, Defendants do not dispute that the corrected number of hours for which Toigo seeks fees, 108.9, is reasonable. For these reasons, and based on its review of the detailed time records, the Court concludes that it was reasonable for Toigo's counsel to expend 108.9 hours on this litigation.

### 2. Whether the Proposed Hourly Rates Are Reasonable

In the Eighth Circuit, "a reasonable hourly rate generally means the ordinary fee for similar work in the community." *Little Rock Sch. Dist. v. State Ark. Dep't of Educ.*, 674 F.3d 990, 997 (8th Cir. 2012) (quotation marks and citations omitted). There is no dispute that Missouri rates apply here.

The burden of establishing the appropriate rate rests on the fee applicant. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.").

Toigo argues that this case "involved a novel issue of constitutional law of first impression for this Court" and "required specialized legal skills and experience, given the dormant Commerce Clause and other constitutional issues . . . ." *Id.* Attorney Benjamin Stelter Embry declares that he was admitted to practice in 2012 and has since been practicing constitutional and civil rights law. Doc 44.

Plaintiff cites a few cases in which billing rates of $425 to $450 were court-approved, but none of the attorneys who were awarded fees at such rates in Missouri had less than a decade of

4

Case 2:20-cv-04243-NKL    Document 47    Filed 01/24/22    Page 4 of 6

experience. *See Chestnut v. Wallace*, No. 4:16-CV-1721 PLC, 2020 WL 5801041, at *3 (E.D. Mo. Sept. 29, 2020) (approving rate of $450 for lawyer who litigated constitutional and civil rights claims for more than 38 years); *Holland v. City of Gerald, Mo.*, No. 4:08CV707 HEA, 2013 WL 1688300, at *4 (E.D. Mo. Apr. 18, 2013) and Doc. 270-1, ¶ 3 (approving rate of $450 for civil rights litigators who had more than 30 years of experience); *see also Republican Party of Minn. v. White*, 456 F.3d 912, 921 (8th Cir. 2006) (approving rates for Minnesota attorneys specializing in appellate First Amendment-specific litigation).

This Court recently awarded fees at a rate of $450 to an attorney with over 30 years of experience and $350 for a lawyer with 12 years of experience. Clearly, such lawyers had significantly more experience than does Mr. Stelter Embry. In contrast, the Court has awarded $325 for a lead lawyer with eight years of experience, including federal district and appellate court clerkships and complex class action and other civil rights litigation, and $300 for lawyers with 6 years of experience. *S.C. by & through M.C. v. Riverview Gardens Sch. Dist.*, No. 18-4162-CV-C-NKL, 2020 WL 5262267, at *9 (W.D. Mo. Sept. 3, 2020), *appeal dismissed sub nom. Scott C. by & through Melissa C. v. Riverview Gardens Sch. Dist.*, No. 20-3177, 2020 WL 9257218 (8th Cir. Dec. 1, 2020), *and aff'd sub nom. Scott C. by & through Melissa C. v. Riverview Gardens Sch. Dist.*, 19 F.4th 1078 (8th Cir. 2021); *see also M.B. v. Tidball*, No. 2:17-CV-4102-NKL, 2020 WL 1666159, at *10 (W.D. Mo. Apr. 3, 2020) (awarding rate of up to $500 for attorneys with more than 30 years of experience), *aff'd sub nom. M.B. by Eggemeyer v. Tidball*, 18 F.4th 565 (8th Cir. 2021). In view of this case law, the Court finds that a rate of $325 is appropriate for Mr. Stelter Embry's time.

5

Case 2:20-cv-04243-NKL   Document 47   Filed 01/24/22   Page 5 of 6

### 3. Lodestar Calculation

With the Court-approved billing rate and the hours that Defendants concede are reasonable, the lodestar calculation is as follows:

$$108.9 \text{ hours} \times \$325 \text{ hourly billing rate} = \$35,392.50$$

The Court finds that the fees produced through the lodestar calculation are reasonable and fair. *See Stallsworth v. Mars Petcare US Inc.*, No. 17-4180-NKL, 2018 WL 2125950, at *1 (W.D. Mo. May 8, 2018) ("There is a strong presumption that the lodestar calculation represents a reasonable fee award.") (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)); *see also Perdue*, 559 U.S. at 552 (stating that "the lodestar method yields a fee that is presumptively sufficient to achieve th[e] objective" of "induc[ing] a capable attorney to undertake the representation of a meritorious civil rights case"). A plaintiff who has "won excellent results," as Toigo did here, "is entitled to a fully compensatory fee award . . . ." *Jenkins by Jenkins v. State of Mo.*, 127 F.3d 709, 716 (8th Cir. 1997).

### III. CONCLUSION

For the reasons discussed above, the Court grants in part and denies in part the motion for fees. The Court awards to Toigo's counsel a total of $35,392.50 in fees for this litigation.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: January 24, 2022
Jefferson City, Missouri